IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Kendrick Petriquos, of the Hugger Family, a private American man, sui juris, | ) ) ) | Case No. 8:25-cv-12685-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Cynthia D. Radford and Office of the Anderson County Register of Deeds, | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter was removed by Defendants on September 25, 2025. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report"). On September 29, 2025, and October 28, 2025, the Magistrate Judge issued orders directing Plaintiff, proceeding pro se, to file, inter alia, answers to Local Civil Rule 26.01 (D.S.C.) interrogatories within a specified time. ECF Nos. 7, 11. Plaintiff did not file the answers to the interrogatories but did file a motion to remand. ECF No. 9. This motion has been filly briefed. ECF No. 10. On November 14, 2025, the Magistrate Judge issued a Report recommending that this action be dismissed pursuant to Rule 41(b) for failure to comply with an order of the Court. Plaintiff filed objections, and Defendants filed a reply. ECF Nos. 15, 16.

## APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## ANALYSIS

The Court begins with Plaintiff's objections to the Report.[1] ECF No. 15. Plaintiff asserts that jurisdiction must be confirmed by ruling on his pending motion to remand before he can be compelled to comply with the Magistrate Judge's orders. He states that the Magistrate Judge has misidentified him by "omit[ting] the family name 'Hugger' and create[ing] the appearance of separate legal person . . . ." *Id.* at 2. Plaintiff contends that he did not receive the Magistrate Judge's orders, that he has actively prosecuted this

---

[1] Because Plaintiff filed objections, the Court's review has been de novo.

2

action, and that the Magistrate Judge erred by failing to address the substance of his claims.

With respect to Plaintiff's motion to remand, it is denied.  Plaintiff's complaint appears to assert federal claims.  *See* ECF No. 1-1 at 4 (alleging that Defendants' actions have "deprived Plaintiff of rights secured by both the United States Constitution and the South Carolina Constitution, including the free exercise of religion, equal protection under the law, and due process").  Accordingly, this Court has jurisdiction over this action.

Plaintiff may indicate in his motion to remand that he did not or does not intend to pursue federal claims.  Defendants assert in their response that they consent to remand in the event that Plaintiff is not bringing federal claims.  The Court is of the opinion that Plaintiff may amend his complaint to omit the federal causes of action if he so desires.  Otherwise, this Court retains jurisdiction at this time.

Turning to Plaintiff's remaining objections, the Court finds that, based upon Plaintiff's assertion that he did not receive the Magistrate Judge's prior orders and out of an abundance of caution for a pro se party, he should be given one additional opportunity to comply with the orders of the Court.  Accordingly, the Report is found as moot.  This matter is recommitted to the Magistrate Judge to resend the second proper form order directing Plaintiff to file answers to Local Civil Rule 26.01 (D.S.C.) interrogatories.

Plaintiff is reminded that it is his responsibility to provide an address where he can receive mail.  The Court notes that no mail has been returned as undeliverable.  Plaintiff is specifically warned that failure to comply with the Magistrate Judge's order may result

3

in an order of dismissal pursuant to Federal Rule of Civil Procedure 41(b) without another Report by the Magistrate Judge.

## **CONCLUSION**

Based upon the foregoing, Plaintiff's motion to remand [9] is **DENIED**.  The Report [13] is found as moot.  This matter is recommitted to the Magistrate Judge for further action consistent with this order.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

April 13, 2026
Spartanburg, South Carolina

4